UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GCAP HOLDINGS, L.L.C.,

      Appellant,

v.

BRITTANY BODLEY,

      Appellee.
_____/

Case No. 21-10337

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**AFFIRMING THE BANKRUPTCY COURT'S DECISION**

This matter is before the Court on Appellant GCap Holdings, L.L.C.'s (GCap's) appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Michigan dismissing GCap's second amended complaint. Notice of Appeal (Dkt. 1). For the reasons stated below, the Court affirms the bankruptcy court's decision.[1]

## I. BACKGROUND

In May 2018, GCap and Debtor/Appellee Brittany Bodley entered into negotiations for Bodley to receive a cash advance from GCap to support her business. 2d Am. Compl. ¶ 11 (Dkt. 5-2). Bodley was the sole member of a Michigan limited liability company called Amevernee Enterprise LLC d/b/a Fem Fatale Dance Studio (Fem Fatale). Id. ¶ 8. During negotiations, GCap advised Bodley and Fem Fatale that, to survive as a business, Fem Fatale would need to consolidate its debt and pay off three other cash advance providers. Id. ¶ 19. It also advised Bodley and Fem Fatale that, after GCap distributed its advance, Bodley and Fem Fatale would not take out any new

---

[1] Because oral argument will not aid the Court's decisional process, the matter will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing includes GCap's brief (Dkt. 5), Debtor/Appellee Brittany Bodley's brief (Dkt. 6), and GCap's reply (Dkt. 7).

1

cash advance debts; Bodley and Fem Fatale agreed. Id. ¶¶ 19–20. On May 22, 2018, GCap and Fem Fatale entered into a "Revenue Based Factoring Agreement." Id. ¶ 22. Pursuant to the agreement, GCap agreed to advance $15,000 to Fem Fatale. Id. ¶ 23.

The agreement contained a provision that prohibited Fem Fatale from obtaining additional financing from any party other than GCap without obtaining GCap's written permission. Id. ¶ 25. This provision stated:

> 2.10 Additional Financing. Merchant shall not enter into any arrangement, agreement or commitment for any additional financing, whether in the form of a purchase of receivables or a loan to the business with any party other than FUNDER without their written permission

Id. GCap acknowledged this provision to Bodley on a funding call before GCap distributed the advance. Id. ¶ 26.

On May 24, 2018, GCap delivered $15,000 to Fem Fatale. Id. ¶ 29. Shortly after GCap closed its loan to Fem Fatale, Fem Fatale and Bodley took out two additional cash advances from other lenders without notifying and receiving prior authorization from GCap. Id. ¶ 30. On June 27, 2018, Fem Fatale defaulted on its obligations to GCap by failing to make weekly contractual payments. Id. ¶ 31. On July 2, 2018 and July 9, 2018, Bodley informed GCap that she had taken out additional cash advances after closing the GCap consolidation advance. Id. ¶ 32. On August 10, 2018, Bodley filed a petition for relief under Chapter 13 of the Bankruptcy Code. Id. ¶ 33.

GCap then filed an adversary proceeding against Bodley, seeking to have Bodley's debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2). GCap alleged that Bodley obtained the advance through false representations. Id. ¶ 40. Specifically, these false representations included "that [Bodley] had not filed a previous bankruptcy, that [Bodley] was willing and able to repay GCap for the cash advance, and that Fem Fatale would not seek out or obtain additional cash advances after the GCap advance." Id. In response to the adversary proceeding, Bodley filed a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending in part that, by alleging that Fem Fatale incurred additional loans after entering into the agreement with GCap, GCap had alleged solely a breach of a commercial contract, not a plausible false representation claim. Mot. to Dismiss at 9–10 (Dkt. 5-5).

The bankruptcy court announced an opinion from the bench granting Bodley's motion to dismiss. GCap Holdings, LLC v. Bodley (In re GCAP Holdings, LLC), No. 20-04392 (Bankr. E.D. Mich. Jan. 28, 2021) (Dkt. 5-9). It concluded that Bodley's alleged representation that she would not seek out additional cash advances without notifying and obtaining prior authorization from GCap was a "broken future promise, not a representation of a past or current fact." Tr. at 12. Therefore, it could not alone indicate fraudulent intent or form the basis of a false representation claim. Id.

In addition, the bankruptcy court determined that, without an allegation of misrepresentation, GCap could not plead that it justifiably relied on any alleged misrepresentation. Id. at 22.

GCap timely appealed the bankruptcy court's opinion.

## II. STANDARD OF REVIEW

The district court sits as an appellate court for the decisions of the bankruptcy court. 28 U.S.C. § 158. When a bankruptcy court decision is appealed to the district court, the bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, and its legal conclusions are reviewed de novo. B-Line, LLC v. Wingerter (In re Wingerter), 594 F.3d 931, 935–936 (6th Cir. 2010). A ruling on a motion to dismiss a bankruptcy court adversary proceeding is a legal determination to which de novo review is applied. Nehasil v. Grenier (In re Grenier), 430 B.R. 446, 449 (E.D. Mich. 2010).

3

Federal Rule of Civil Procedure 12(b)(6) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. Thus, in bankruptcy adversary proceedings, as in federal civil proceedings, to survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

In addition, the pleading requirements of Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, apply to fraudulent misrepresentation claims under § 523(a)(2)(A). Sequatchie Mountain Creditors v. Lile, 585 B.R. 426, 437 (N.D. Ohio 2018). Therefore, the pleader "must state with particularity the circumstances constituting fraud or mistake." In re Keirns, 628 B.R. 911, 918 (Bankr. S.D. Ohio 2021) (quoting Fed. R. Civ. P. 9(b)). The United States Court of Appeals for the Sixth Circuit has stated that, to satisfy the requirements of Rule 9(b), a plaintiff "must generally (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." SFS Check, LLC v. First Bank of Del., 774 F.3d 351, 358 (6th Cir. 2014). Rule 9(b)'s requirements should be understood in terms of its purpose of ensuring that a defendant is provided with at least enough detail to prepare a defense. U.S. ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008).

### III. ANALYSIS

GCap argues that the bankruptcy court erred when it determined (i) that the pleadings were insufficient to state a claim that, at the time Bodley agreed not to take out further loans, she lacked intent to fulfill this promise; (ii) that this agreement was simply a broken future promise; and (iii) that the pleadings were insufficient to state a claim that such an agreement was a misrepresentation. Appellant Br. at 14–17.[2]

GCap seeks a determination that Bodley's debt is nondischargeable pursuant to § 523(a)(2)(A). That provision states the following:

> (a) A discharge under section 1328(b). . . of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or any extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence: "(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 280–281 (6th Cir. 1998).

---

[2] The bankruptcy court determined that GCap did not sufficiently plead any of the three false representations it alleged: that Bodley had not filed a previous bankruptcy, that she was willing and able to repay GCap for the cash advance, and that Fem Fatale would not seek out or obtain additional cash advances after the GCap advance. However, on appeal, GCap challenges solely the bankruptcy court's determination regarding Bodley's representation that Fem Fatale would not seek out or obtain additional cash advances after the GCap advance. See Appellant Br. at 16. Therefore, the Court addresses solely this alleged representation.

A false pretense is an "implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a 'false representation' which is an express misrepresentation." Haney v. Copeland (In re Copeland), 291 B.R. 740, 760 (Bankr. E.D. Tenn. 2003) (punctuation modified). A "representation" must be "one of existing fact and not merely an expression of opinion, expectation, or declaration of intention." Lawson v. Conley (In re Conley), 482 B.R. 191, 209 (Bankr. S.D. Ohio 2012) (punctuation modified).

Therefore, "a broken promise to repay a debt, without more, will not sustain a cause of action under § 523(a)(2)(A)." EDM Mach. Sales, Inc. v. Harrison (In re Harrison), 301 B.R. 849, 854 (Bankr. N.D. Ohio 2003); see also Allison v. Roberts (In re Allison), 960 F.2d 481, 484 (5th Cir. 1992) ("[A] promise to perform acts in the future is not considered a qualifying misrepresentation merely because the promise subsequently is breached."). "Instead, central to the concept of fraud is the existence of scienter which, for the purposes of § 523(a)(2)(A), requires that it be shown that at the time the debt was incurred, there existed no intent on the part of the debtor to repay the obligation." In re Harrison, 301 B.R. at 854. Accordingly, failure to perform does not by itself establish fraudulent intent. Id.; Merritt v. Wiszniewski (In re Wiszniewski), No. 09–11102, 2010 WL 3488960, at *5 (Bankr. N.D. Ill. Aug. 31, 2010) ("[S]ubsequent representations or acts do not establish that the debtor had the requisite intent at the time the representation was made or the act was carried out."). Rather, "a promise constitutes a false representation under § 523(a)(2)(A) only if the debtor made the promise without an intention of ever keeping it." Parkway Bank & Tr. v. Casali (In re Casali), 526 B.R. 271, 274 (Bankr. N.D. Ill. 2015) (punctuation modified); see also Little Family Farms Corp. v. Mortensen (In re Mortensen), 415 B.R. 383, 390 (Bankr. S.D. Iowa 2009) ("A promise to perform a future act is an actionable representation only when made with an existing real intention not to perform."). The Sixth Circuit has held that a debtor's intent is

6

determined by a subjective standard at the time the representation was made. In re Rembert, 141 F.3d at 281.

To sustain a claim for false representation, therefore, GCap must plausibly allege that, at the time Bodley made the representation that she would not seek out or obtain cash advances after closing the GCap advance, she subjectively had the intent to defraud. However, GCap does not allege in its second amended complaint that Bodley made the promise not to seek out or obtain additional funding after closing the GCap advance with no intention to keep it. Bodley's alleged pre-agreement representation that she would not seek out or obtain cash advances and the promise within the agreement itself not to seek other funding are allegations only that a promise was made—not that it was made with an intent not to keep it. GCap alleges only a promise not kept. Such conduct, consisting of a promise to perform followed by nonperformance, does not properly allege fraudulent intent under § 523(a)(2)(A).

In its brief, GCap contends that it has sufficiently alleged a representation of a current fact and not solely a future broken promise because "Defendant was already in negotiations (before and during) with other cash advance providers while on the funding call with GCap." Appellant Br. at 16–17. But the complaint, the dismissal of which is at issue here, did not contain this allegation. Rather, GCap asserts this for the first time in its brief. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); see also Schwamberger v. Marion Cnty. Bd. of Elections, 988 F.3d 851, 859 (6th Cir. 2021) ("[A]lthough [plaintiff's] reply brief attempted to rectify her complaint's shortcomings, this is not a permissible way to amend a complaint.").

Because GCap did not allege in the complaint that Bodley made the promise not to seek out or obtain additional loans with no intent to keep it, the bankruptcy court properly dismissed the second amended complaint.[3]

## IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's decision is affirmed.

SO ORDERED.

Dated: February 24, 2022　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Because the Court finds that GCap has not plausibly alleged a false representation, it need not address GCap's argument that the bankruptcy court erred when it found that GCap had not properly alleged justifiable reliance.

8